IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON DOUGLAS MATHEWS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-287-JD |
| | ) |
| TIM CARTER, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner Aaron Douglas Mathews, a federal prisoner appearing *pro se*,[1] has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1).[2] United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). (Doc. 10). Respondent has filed a Motion to Dismiss and Brief in Support. (Doc. 13). As fully set forth below, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 13) and **DISMISS** the Petition without prejudice for lack of subject matter jurisdiction.

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

**I.    Background**

Petitioner filed the Petition on January 14, 2025, in the United States District Court for the District of Minnesota. (Doc. 1, at 1, 8). The District Court for the District of Minnesota transferred the Petition to this Court because Petitioner was incarcerated at the Federal Correctional Institution ("FCI") in El Reno, Oklahoma, in the Western District of Oklahoma, when he filed the Petition and at the time the court reviewed the Petition. (Docs. 6, 7, 8). In the Petition, Petitioner alleges that the Bureau of Prisons ("BOP") incorrectly categorized two of his past offenses as crimes of violence, negatively affecting his PATTERN score.[3] (Doc. 1, at 6-7). Petitioner requests that the offenses be recategorized and that his "history of violence, custody, and [PATTERN] scores be recalculated to reflect the changes." (*Id.* at 7). Respondent filed a Motion to Dismiss and Brief in Support, arguing that the Petition is now moot, depriving the Court of subject matter jurisdiction, because BOP officials have removed Petitioner's "history of violence" score and recalculated Petitioner's PATTERN score accordingly. (Doc. 13, at 4-6). Petitioner's recidivism score is now "Low for both his General and Violence scores," and BOP officials have applied FSA time credits to Petitioner's sentence as if he never had a history of violence score. (*Id.* at 4-5). Petitioner did not file a response.

---

[3] A PATTERN score represents an inmate's risk of recidivism and affects whether First Step Act ("FSA") time credits are applied to a prisoner's supervised release and/or pre-release custody date. (*See* Doc. 13, at Ex. 1).

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal quotation marks omitted).

> When considering a factual attack on subject matter jurisdiction mounted in a motion to dismiss, "a district court may not presume the truthfulness of the complaint's factual allegations," and it "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." [*Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).] Unless the jurisdictional issue is intertwined with the merits of the case, considering evidence outside the complaint does not convert the dismissal motion into one for summary judgment under Federal Rule of Civil Procedure 56.

*Herrera v. Las Cruces Pub. Sch.*, 695 F. App'x 361, 367 (10th Cir. 2017).

## III. Discussion

The undersigned agrees with Respondent that the Court no longer has subject matter jurisdiction over the Petition because it is moot. "At the start of litigation, a plaintiff must

3

show standing under Article III by demonstrating: '(1) an injury in fact; (2) a causal connection between the injury and the challenged action; and (3) *a likelihood that a favorable decision will redress the injury.*'" *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (quoting *Jordan v. Sosa,* 654 F.3d 1012, 1019 (10th Cir. 2011)). A case becomes moot "when a plaintiff no longer suffers 'actual injury that can be redressed by a favorable judicial decision.'" *Id.* (quoting *Rhodes v. Judiscak,* 676 F.3d 931, 933 (10th Cir. 2012)). A court loses subject matter jurisdiction when a case becomes moot and must dismiss the case "rather than issue an advisory opinion." *Fleming v. Gutierrez*, 785 F.3d 442, 444-45 (10th Cir. 2015) (internal quotation marks omitted).

> The following circumstances trigger an exception to the mootness doctrine:
>
> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*R.M. Inv. Co. v. U.S. Forest Serv.*, 511 F.3d 1103, 1107 (10th Cir. 2007) (quoting *Riley v. INS,* 310 F.3d 1253, 1257 (10th Cir.2002)).

Here, a unit manager at FCI El Reno has sworn in an affidavit that Petitioner's PATTERN score has been adjusted as he requested in the Petition and that his FSA Time Credits have now been applied as if his PATTERN score never incorrectly represented a history of violence. (Doc. 13, at Ex. 1). Petitioner has not disputed the declarations made in the affidavit nor responded in any way to the Motion to Dismiss.[4] Given that BOP

---

[4] "Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed." LCvR 7.1(g).

officials have remedied the injury caused by their mischaracterizing one of Petitioner's past offenses as violent and consequently miscalculating his PATTERN score, and given that nothing suggests that BOP officials would repeat or resume these actions, no exception to mootness applies. Since Petitioner has received the relief he requested in his Petition, the Petition is moot, and this Court no longer has subject matter jurisdiction over it. Thus, the Petition should be dismissed without prejudice. *Brown v. Buhman*, 822 F.3d 1151, 1165, 1179 (10th Cir. 2016) (explaining that "[m]ootness deprives federal courts of jurisdiction" and lack of subject-matter jurisdiction results in a dismissal without prejudice).

### IV.    Recommendation and Notice of Right to Object

For the foregoing reasons, it is recommended that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 13) and **DISMISS** the Petition without prejudice. **Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of Court by August 12, 2025**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 22nd day of July, 2025.

                                                             *Amanda L. Maxfield*
                                                             AMANDA L. MAXFIELD
                                                             UNITED STATES MAGISTRATE JUDGE