# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON DOUGLAS MATHEWS, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-25-00287-JD |
| TIM CARTER, Warden,[1] | ) |
| Respondent. | ) |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") [Doc. No. 14] of United States Magistrate Judge Amanda L. Maxfield, recommending that the Court grant Respondent's Motion to Dismiss [Doc. No. 13] and dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Doc. No. 1] without prejudice for lack of subject matter jurisdiction.

Judge Maxfield advised Petitioner of his right to object to the R. & R. by August 12, 2025. She warned Petitioner that his failure to object timely waives the right to appellate review of the factual findings and legal issues in the R. & R. *See* R. & R. at 5.

Petitioner did not file an objection to the R. & R. or request an extension of time to do so. Therefore, Petitioner has waived any objection to the R. & R. recommending dismissal. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that

---

[1] Under Federal Rule of Civil Procedure 25(d), and based upon Respondents' representations, Tim Carter is the Warden of FCI El Reno. *See* [Doc. No. 13 at 1 n.1]. Further, Carter is the only proper respondent. *See id.* (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). The Court directs the Clerk to substitute Tim Carter for "Warden Goldie" and to terminate FCI El Reno and Federal Bureau of Prisons as respondents on the docket.

the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").[2] Alternatively, even if a de novo review were required, the Court is satisfied that dismissal without prejudice is appropriate.

For all these reasons, the Court ACCEPTS the Report and Recommendation [Doc. No. 14], GRANTS Respondent's Motion to Dismiss [Doc. No. 13], and DISMISSES this action WITHOUT PREJUDICE. The Court denies a certificate of appealability. A separate judgment will follow.

IT IS SO ORDERED this 14th day of August 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the R. & R. sent to Petitioner's address of record was returned. *See* [Doc. No. 15]. However, Petitioner is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [petitioner] is acting pro se does not eliminate this burden.").